**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4546-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARK WARNER,
a/k/a MARK M. WARNER,
and MARVIN WARNER,

     Defendant-Appellant.

_____

Submitted February 14, 2022 – Decided April 1, 2022

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 07-08-3025.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Mark Warner appeals from a March 6, 2020 Law Division order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm in part and remand in part.

I.

Defendant pled guilty in 2012 to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), first-degree robbery, N.J.S.A. 2C:15-1, second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2; N.J.S.A. 2C:15-1, and fourth-degree credit card theft, N.J.S.A. 21-6(c). The charges against defendant and his two co-defendants arose from their robbery of their victim, who was beaten to death by one of the co-defendants. Defendant entered his plea in exchange for the State's recommendation that the other charges against him, including first-degree murder, be dismissed and that he be sentenced to no more than eighteen years in prison.

In addition to providing a factual basis for his plea, at his plea hearing defendant testified regarding the adequacy of his counsel's representation and explained that he entered the plea voluntarily and knowingly. In this regard, defendant stated that he was "satisfied with [counsel's] legal advice and legal representation." He agreed that he had "sufficient time to discuss all of [his]

matters with [counsel]" and that counsel "answered all of [his] questions" and "went over all the charges that were brought against [him]."

Defendant stated further that counsel "advised [him] of his right to trial," that he was giving up that right "freely," and that he was not "promised . . . anything or threatened in any way." He explained that he was not "forced" to enter the plea, and had "made up [his] mind to take the guilty plea of [his] own free will." Defendant stated that he was "thinking clearly," knew what he was doing, and was not "under the influence of any prescription medication, any drugs or alcohol that would affect [his] judgment." He also acknowledged that he had sufficient time to review his plea form with counsel and that his answers were truthful.

Finally, defendant discussed two inculpatory statements he made to the police prior to his arrest. He stated that he had time to review each statement with his counsel. Regarding the first statement, defendant testified that he was not "forced or threatened or coerced to give [the] statement," and that he was "thinking clearly" when he made it. With regard to the second statement, defendant similarly explained that he was not forced or offered anything to provide the statement and that he provided it "of [his] own free will."

A-4546-19

At sentencing, the court imposed an aggregate seventeen-year term of imprisonment, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant appealed, arguing only that his sentence was excessive because he received a disparate sentence as compared to his co-defendant, who had actually killed their victim, and who the court sentenced to a nine-year term after he pled guilty. We heard oral argument on our excessive sentencing calendar and affirmed defendant's sentence, but "remanded to the trial court for entry of an amended judgment of conviction" to reflect the merger of two counts to which defendant pled guilty. See State v. Warner, No. A-3472-12 (App. Div. June 3, 2014).

Defendant filed a timely pro se petition for PCR claiming that he received ineffective assistance of counsel. Defendant argued his original counsel failed to interview a witness who allegedly made a statement to police indicating that defendant was not present at the robbery. Defendant also asserted that counsel failed to file a pretrial motion "opposing [defendant's] charges" despite defendant informing him that he was "forced" to make statements to the police while he was "not in [his] right mind."

In addition, defendant claimed his second attorney never reviewed the case or discovery with him, and failed to investigate the matter properly or

4

interview all relevant witnesses. He maintained "[t]here was a signed affidavit in [his] discovery" from a woman who "overheard [two] . . . males bragging about [committing] [the] homicide" defendant was charged with, but his counsel failed to interview her.

He alleged further that counsel "bullied" and "pressured" him into pleading guilty including "forc[ing] [him] to place [his] initials on several pieces of paper," and refused to let him proceed to trial and raise an insanity defense. Specifically, defendant stated counsel told him that if he went to trial, he would "[lose] and die in prison" and that if he mentioned his reservations about pleading guilty in court the "judge [would] give [him] [forty] years." Defendant also claimed that he asked counsel to be "reexamined by a different psychologist" prior to his plea, but that he refused to do so.

Finally, defendant contended his third attorney refused to let defendant withdraw his guilty plea and failed to argue defendant's "mental illness as a mitigating factor" at sentencing. He elaborated that counsel said that if he asked to withdraw the plea "without a good reason . . . the judge would deny [his] request and sentence [him] to whatever [the court] wanted," and that counsel "made [him] very afraid."

Defendant's pro se petition also described that he had been evaluated and declared incompetent to stand trial in 2009 and 2011, but reevaluated before his plea hearing and declared competent. Defendant's appointed PCR counsel filed a supplemental brief, which incorporated by reference defendant's pro se petition, and raised additional arguments based upon his attorney's failure to address his purported disparate sentence.

The PCR judge heard oral arguments and denied defendant's petition without an evidentiary hearing. She failed, however, to address the arguments raised in defendant's pro se PCR petition. Defendant appealed and we affirmed in part and remanded in part. State v. Warner, No. A-5348-14 (App. Div. Feb. 10, 2017). Specifically, we affirmed the PCR judge's denial of defendant's petition as to those arguments raised in his appointed counsel's brief, but remanded for consideration of the arguments contained in defendant's pro se PCR submission. Id. at 6-7.

On remand, defendant was represented by new PCR counsel who filed a letter brief and supplemental certification. PCR counsel's brief described that defendant had a history of treatment for mental health "throughout his life and continuing into 2005 and 2006 immediately prior to his arrest" and was evaluated in 2009 and found not competent to stand trial. It explained further

that defendant was evaluated by two doctors in 2010. The first found defendant not competent to stand trial, but the "State's doctor," with whom the court agreed, reached an opposite conclusion.[1]

PCR counsel's brief also inventoried defendant's ineffective assistance of counsel claims, many of which were repetitive of those contained in defendant's pro se petition. Regarding defendant's original trial counsel, PCR counsel argued "counsel did not file the [m]otions [defendant] wanted filed including [a] Miranda [m]otion to [s]uppress [s]tatements because [defendant] was not competent." He also claimed, "second trial counsel bullied [defendant] into pleading guilty and did not investigate." Finally, PCR counsel argued that his third trial counsel "also bullied him . . . not to bring up his desire to withdraw the plea" and failed to assert relevant mitigating factors at sentencing.[2]

---

[1] We note that the record does not contain a transcript of the competency proceeding or the court's oral or written decision on the issue.

[2] Defendant also raised arguments related to the purported deficient performance of his appellate counsel and original PCR counsel. The PCR judge concluded those arguments were without merit, and defendant does not challenge those rulings before us. As such, we consider them waived, and do not address them. N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.")

A-4546-19

In his certification, defendant stated his "trial counsels" failed to "investigate, speak to witnesses," and review discovery with him. He also described being evaluated in 2009 resulting in a determination that he was "not competent" but reevaluated two years later, at which time the "court determined [he] was . . . competent." Finally, defendant identified Michelle Miliner as the alibi witness referenced in his initial pro se petition, who he claimed his first counsel failed to contact.

On March 6, 2020, the same judge who ruled on defendant's initial PCR petition heard oral arguments and placed her decision on the record. The PCR judge found that defendant had not presented a prima facie claim of ineffective assistance under the two-part test detailed in Strickland v. Washington, 466 U.S. 668, 687 (1984),[3] and an evidentiary hearing was therefore not required. She issued a corresponding written order the same day.

---

[3] To establish ineffective assistance of counsel, a convicted defendant must satisfy the two-part test enunciated in Strickland, 466 U.S. at 687, by demonstrating that: 1) counsel's performance was deficient, and 2) the deficient performance actually prejudiced the accused's defense. The Strickland test has been adopted in New Jersey. See State v. Fritz, 105 N.J. 42, 58 (1987).

A-4546-19

Before ruling on defendant's petition, the PCR judge engaged in an extensive colloquy with defendant in an attempt to clarify his claims.[4] When asked how counsel pressured him to plead guilty, defendant stated that counsel "told [him] if [he] didn't take the plea, [he] [would] spend the rest of [his] life in prison" and that he "took the plea because [counsel] had [him] scared."

The PCR judge concluded that defendant had not established a prima facie case that his counsel was ineffective for failing to file a motion to suppress his statements to the police. She found that counsel's performance was not deficient because counsel did in fact file a motion to suppress defendant's statements. The PCR judge also concluded that defendant failed to establish that any error in this regard prejudiced defendant, finding that defendant had not "demonstrate[ed], with a reasonable probability that absent this error, the fact-finder would have [had] reasonable doubt . . . respecting [his] guilt."

The PCR judge also rejected defendants claims that his counsel pressured him to plead guilty, failed to dispute the trial court's competency finding, refused to present an insanity defense, and failed to move to withdraw defendant's plea.

---

[4] Although defendant was placed under oath, we do not consider the proceeding to have been an evidentiary hearing in light of the PCR judge's conclusion that defendant failed to establish a prima facie case under Strickland. We also note no other witnesses testified, and no documentary evidence was introduced at the hearing.

A-4546-19

In concluding that counsel's performance was not deficient, the PCR judge explained that defendant "was found to be competent to stand trial . . . after a full hearing," based on "medical reports and testimony," and that defendant stated at his plea hearing that he entered the plea "knowingly and voluntarily without pressure."

Further, the PCR judge explained that the "pressure" to plead guilty that defendant complained of was his attorney telling him that "if he did not plead guilty, he could face life in prison," which she found to be a "factually true statement" because defendant was facing a "first[-]degree charge and . . . was extended term eligible." The PCR judge also determined that counsel made appropriate arguments for mitigation of defendant's sentence.

Further, the PCR judge found that defendant failed to establish that he was prejudiced by his counsels' alleged ineffective performance. She explained that defendant did not "demonstrate with a reasonable probability that had he been defended with a plea of not guilty by reason of insanity, that the defendant would succeed . . . and there would be a doubt respecting [his] guilt." She also reasoned that had defendant withdrawn his guilty plea "nothing indicates that . . . defendant would have received a lesser sentence. In fact, it seems more probable that, but for his attorney, the defendant would have received an even

lengthier . . . sentence."  Finally, in light of her conclusion that defendant failed

to establish a prima facie case of ineffective assistance of counsel under

Strickland, the PCR judge concluded that an evidentiary hearing was not

warranted.

This appeal followed in which defendant raises the following arguments:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN
EVIDENTIARY HEARING ON HIS CLAIM THAT
HIS ATTORNEY RENDERED INEFFECTIVE
ASSISTANCE OF COUNSEL FOR FAILING TO
ADVOCATE ADEQUATELY BEFORE, DURING,
AND AFTER HIS PLEA.

POINT TWO

THIS MATTER MUST BE REMANDED BECAUSE
THE PCR COURT DENIED RELIEF WITHOUT
STATING FINDINGS OF FACT OR CONCLUSIONS
OF LAW ON TWO OF [DEFENDANT'S] CLAIMS -
THAT COUNSEL RENDERED INEFFECTIVE
ASSISTANCE FOR FAILING TO COMMUNICATE
AND INVESTIGATE.

First, we agree with the PCR judge and conclude defendant failed to

establish a prima facie case of ineffective assistance of counsel and, therefore,

find no error in the PCR judge's decision denying defendant's request for an

evidentiary hearing.  We agree with defendant, however, that the PCR judge

erred by failing to address defendant's arguments that counsel was ineffective

11

by failing to investigate exculpatory witnesses purportedly identified by defendant and adequately communicate with him. Accordingly, we remand solely for the court to consider those issues.

II.

Defendant first argues that he established a prima facie case of ineffective assistance and that his claims are "dependent on evidence outside the record," and as such, "the PCR court should have held an evidentiary hearing." Specifically, defendant claims he established a prima facie case that counsel was ineffective for "coercing him into pleading guilty even though he had a possible mental health defense and wanted to proceed to trial," and failing to: 1) "move to withdraw [defendant's] plea despite his repeated requests because the plea was involuntary, due to his mental health at the time of the plea, and because the plea forms were not correctly filled out"; 2) "pursue a second-opinion as to [defendant's] competency"; 3) "pursue pretrial motions including a motion to suppress [defendant's] statements"; and 4) investigate and adequately communicate with him.

Further, defendant claims the PCR judge erred in her analysis of these claims. He first contends she improperly relied on the trial court's finding that defendant was competent rather than considering his broader claim that counsel

A-4546-19

erred by failing to challenge the competency finding. Second, he argues that despite the PCR judge's finding that counsel filed a motion to suppress and that defendant had not proved a reasonable probability of success on the merits, defendant's proofs regarding his history of mental health issues constituted "prima facie proof that counsel should have pursued [the] motion." Finally, defendant asserts the PCR judge erred by rejecting his claim that counsel was ineffective for failing to move to withdraw his guilty plea on the basis that defendant would not have received a lesser sentence if he proceeded to trial, arguing that the PCR judge improperly ignored that he wanted to withdraw his plea because it was involuntary and he wanted to pursue a mental health defense. With the exception of the limited issues we have directed the court to address on remand, we disagree with all of these arguments.

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). We also review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 415 (2004).

The first prong of the Strickland test requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland,

466 U.S. at 688. A defendant, however, must overcome a strong presumption that counsel rendered reasonable professional assistance. Id. at 689. "The test is not whether defense counsel could have done better, but whether he met the constitutional threshold for effectiveness." State v. Nash, 212 N.J. 518, 543 (2013). Further, the failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel. State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

Under the second prong, a defendant must demonstrate that his counsel's errors prejudiced the defense such as to deprive defendant of a fair and reliable outcome. Strickland, 466 U.S. at 687. To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the context of a guilty plea, a defendant must similarly establish "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must also convince the court that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

A defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary hearing is required only when: 1) a defendant establishes a prima facie case in support of PCR, 2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record, and 3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10).

Here, we agree with the PCR judge that defendant failed to establish a prima facie case of ineffective assistance of counsel as to any of the claims that the court addressed. First, we note that defendant's contention that he was coerced by his counsel to plead guilty and to not withdraw his plea are unsupported by the record. In defendant's pro se PCR petition, and statements before the PCR judge, he indicated that the alleged "coercion" was merely counsel indicating that, if he proceeded to trial, he could be sentenced to a lengthy term of imprisonment. As explained by the PCR judge, such a statement would have been factually true, and, as such, does not demonstrate that counsel's representation was deficient. Strickland, 466 U.S. at 688. Defendant was also found to be competent after a hearing before pleading guilty, and testified at the

plea hearing that he was "thinking clearly," had "made up [his] mind to take the guilty plea of [his] own free will," was not "forced" to enter the plea, and was satisfied with counsel's representation.

Further, defendant's contentions regarding his plea form not being filled out properly are premised on a single page that he failed to initial. That omission does not demonstrate that counsel performed deficiently by failing to move to withdraw the plea, especially because defendant had initialed every other page, signed the plea form, and testified that he was pleading guilty knowingly and had provided truthful answers to all the questions.

Defendant's claims that counsel was ineffective for failing to obtain a second opinion regarding defendant's competency, or challenge the court's competency finding are also unpersuasive. Based on the PCR judge's findings and the parties' statements before us, it appears defendant was evaluated multiple times between his arrest and guilty plea, and the court found defendant competent to stand trial after conducting a hearing, which included two experts with contrasting views on defendant's competency. These facts indicate that counsel acted reasonably in contesting the State's argument that defendant was competent to stand trial. Further, defendant has not identified how counsel should have challenged the court's finding differently, nor established that there

16

was "a reasonable probability" that obtaining a second opinion would have altered the court's conclusion that defendant was competent to stand trial. Strickland, 466 U.S. at 687.

Defendant has also provided no basis to support his argument that counsel performed deficiently by failing to adequately pursue a motion to suppress statements he provided to the police. First, as the PCR judge explained, counsel did file a motion to suppress defendant's statements.[5] Defendant does not contest that point in this appeal, but instead argues that "counsel should have pursued [the] motion." He does not, however, identify what further actions counsel should have taken with regard to the motion to suppress.

III.

Defendant next argues that a remand is necessary because the PCR court failed to make findings of fact or conclusions of law on his claims that counsel was ineffective for failing to adequately communicate with him or investigate his case. We agree.

Rule 1:7-4(a) provides that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its

---

[5]  We note that the record does not contain that application or any related proceeding or ruling.

A-4546-19

conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right."  "Naked conclusions do not satisfy the purpose of [Rule] 1:7-4.  Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions."  Curtis v. Finneran, 83 N.J. 563, 570 (1980).  "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion."  Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)).

Here, defendant alleged in his pro se PCR petition that his first and second attorneys failed to investigate his case and did not "interview[] any [relevant] witnesses" including Michelle Miliner, a potential alibi witness, and a woman who allegedly provided an affidavit attesting to overhearing two men implicating themselves in the homicide for which defendant was charged. Defendant alleged further that his second attorney never reviewed the case or discovery with him and that he "would not [listen] to anything that [defendant] had to say," and that his third attorney "would not listen to him" and "could not understand [his] [slurred] speech."  The PCR judge, however, did not address these claims.  As such, a remand is warranted for the court to address these

arguments under the two-part <u>Strickland</u> test and issue appropriate <u>Rule</u> 1:7-4 findings.

Affirmed in part and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4546-19